IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL LIBEAU,

    Plaintiff,

vs.

Case No. 05-1224-JTM

KANSAS DEPARTMENT OF
CORRECTIONS et al.,

    Defendants.

## ORDER

    This matter comes before the court on the defendants' Motions to Dismiss (Dkt. Nos. 2, 5). Defendant Prison Health Services (hereafter "PHS") argues that the statute of limitations bars plaintiff Michael Libeau's action. In a separate motion, defendant Kansas Department of Corrections (hereafter "KDOC") moves for dismissal because the statute of limitations bars the action, the state official is entitled to qualified immunity in his official capacity, and a respondeat superior theory does not apply to state officials sued under 42 U.S.C. § 1983. Plaintiff did not respond to either motions. For good cause and without objection, the court grants defendants' motions to dismiss.

    First, the court addresses both parties' argument on whether the statute of limitations bars this action. A 42 U.S.C. § 1983 action is subject to state law on statutes of limitations. The Tenth Circuit has "concluded as a matter of federal law that all section 1983 claims should be characterized as actions for injury to the rights of another." Pike v. City of Mission, KS, 731 F.2d

655, 658 (10th Cir. 1984) (citing Garcia v. Wilson, 731 F.2d 640, 650-51 (10th Cir. 1984) (en banc), aff'd, Wilson v. Garcia, 471 U.S. 261 (1985)).  See also Gragg v. McKune et al., 28 Kan.App.2d 256, 261 (2000).  Under K.S.A. § 60-513(a)(4), a two-year statute of limitation period applies to actions arising from injury to the rights of another. An action shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act. See K.S.A. § 60-513(b).  Here, plaintiff alleges injury on January 5, 2003, when he was allegedly diagnosed with appendicitis and subsequently underwent surgery that revealed a burst appendix. Without question, plaintiff's alleged injury was reasonably ascertainable on that date. Under Kansas's applicable two year statute of limitation, plaintiff had until January 5, 2005, to file a lawsuit.  Since plaintiff filed his complaint on July 10, 2005, more than five months after the applicable two year statute of limitation had expired, his claim is now time barred.

Next, the court addresses KDOC's question of qualified immunity.  Generally, the Eleventh Amendment shields from suit state officials acting in their official capacities.  Wares v. VanBebber, 231 F. Supp. 2d 1120, 1124 (D. Kan. 2002).  In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate state immunity.  Neal v. Lewis, 325 F. Supp. 2d 1231, 1235 (D. Kan. 2004).  Thus, when state officials act in their official capacities, they are generally entitled to absolute immunity because state officials are not considered "persons" within the meaning of 42 U.S.C. § 1983.  Id. citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66-71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  In the limited circumstances where a party may bring official capacity claims, federal courts may only grant prospective equitable relief, including appropriate ancillary measures, but cannot award retrospective relief such as damages and

declaratory relief.  Meiners v. Univ. of Kan., 459 F.3d 1222, 1232-33 (10th Cir. 2004); Medcalf v. State of Kan., 626 F. Supp. 1179, 1183-84 (D. Kan. 1986) (citing Pennhurst State Sch. & Hosp., 465 U.S. 89, 118-20, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).  Here, plaintiff brings an action against state official, Roger Werholtz, in his official capacity, seeking monetary relief.  Because there is no exception to bring the claim against Mr. Werholtz in his official capacity and the relief is retroactive, the Eleventh Amendment bars plaintiff's action.

Finally, the court addresses KDOC's question of respondeat superior liability under §1983.  To establish supervisory liability, a plaintiff must show that "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise."  Worrell v. Henry, 219 F.3d 1197, 1214 (10th Cir. 2000) (quoting Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988).  Although plaintiff alleges that defendant Werholtz failed to diagnose and treat his ailment in a timely fashion, his facts do not actually allege that defendant personally participated in the treatment or that defendant failed in his supervisory duties.  For good cause and without objection, the court dismisses plaintiff's action.

IT IS ACCORDINGLY ORDERED this 11th day of January 2006, that the court grants defendants' motions to dismiss (Dkt. Nos. 2, 5).


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

3